# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH DIVISION

| | |
|---|---|
| LANCE LEDET, Individually and for Others Similarly Situated, | Case No. 2:22-cv-1324 |
| Plaintiff | Collective Action |
| v. | |
| H&K ENGINEERING, LLC and ORBITAL ENGINEERING INC, | Jury Trial Demanded |
| Defendant | |

## ORIGINAL COMPLAINT

### SUMMARY

1. H&K Engineering, LLC (H&K) and Orbital Engineering Inc (Orbital) (together, Defendants) do not pay overtime to their hourly employees as required by the Fair Labor Standards Act (FLSA).

2. Instead, Defendants pay these workers the same hourly rate for all hours worked, including those hours worked in excess of 40 in a workweek.

3. Defendants did not pay their hourly workers a guaranteed salary.

4. While working for Defendants, Lance Ledet (Ledet) and other workers like him, did not receive overtime as required by the FLSA.

5. Ledet brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the facts giving rise to this suit occurred in this District and Division.

8. Orbital is headquartered in this District and Division.

## THE PARTIES

9. Upon information and belief, Orbital acquired H&K in February 2021.

10. Ledet worked as a QA Field Technician for Defendants from approximately May 2020 through April 1, 2021.

11. Ledet was an hourly employee of Defendants.

12. While working for Defendants, Ledet did not receive a guaranteed salary.

13. Defendants regularly required Ledet to work more than 40 hours each to perform his job.

14. Ledet's written consent is attached as Exhibit A.

15. Defendants employed Ledet and those similarly situated to him.

16. Ledet brings this action on behalf of himself and all other similarly situated employees working for Defendants and paid straight time for overtime.

17. Therefore, the class is properly defined as:

**All current or former employees of H&K and/or Orbital who were paid straight time for overtime in the past 3 years (The "Putative Class Members").**

18. The Putative Class Members are readily identifiable from H&K's records.

19. **H&K Engineering, LLC** may be served with process by serving its registered agent, Richard Paul Hough, at 2644 South Sherwood Forest Boulevard, Suite 200, Baton Rouge, Louisiana 70816, or wherever he may be found.

20. **Orbital Engineering Inc,** may be served with process by serving its registered agent, C T Corporation System, at 600 N 2nd St., #401, Harrisburg, Pennsylvania 17101.

**COVERAGE UNDER THE FLSA**

21. At all relevant times, Defendants were employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all relevant times, Defendants were enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all relevant times, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

24. At all relevant times, Defendants have had an annual gross volume of sales made or business done of not less than $500,000.

25. At all relevant times, Ledet and the Putative Class Members (defined above) were engaged in commerce or in the production of goods for commerce.

**THE FACTS**

26. Upon information and belief, Orbital acquired H&K in February 2021.

27. Defendants provide engineering, procurement, and construction management services to the refining, chemical, and pulp and paper industries.

28. Ledet worked for Defendants as a QA Field Technician.

29. Ledet reviewed and monitored the completion of work completed by contract companies, signed off on completion orders, and communicated with Defendants' clients regarding the same.

30. Pursuant to his agreement with Defendants, Ledet would be paid the same hourly rate for hours worked below 40 and over 40 in a workweek.

31. Ledet was an hourly employee of Defendants.

32. Ledet earned $60 per hour while working for Defendants.

33. Ledet worked for Defendants from approximately May 2020 until April 2021.

34. Ledet was not guaranteed a salary by Defendants.

35. Defendants paid Ledet the same hourly rate for all hours worked each week, including those in excess of 40 hours.

36. If Ledet worked less than 40 hours in a week, he was only paid for the hours he worked.

37. If Ledet only worked part of the day, he would only be paid for the hours he actually worked.

38. Ledet normally worked more than 40 hours in a week.

39. Ledet regularly worked between 50 and 70 hours or more per week.

40. For weeks Ledet worked over 40 hours each week, he was paid his straight time rate for all hours worked over 40.

41. Thus, rather than receiving time and a half as required by the FLSA, Ledet only received "straight time" pay for the overtime hours he worked over 40 hours.

42. The Putative Class Members worked similar hours and were also paid at their regular hourly rate for all hours they worked over 40 in a week.

43. The hours worked by Ledet and the Putative Class Members are required by Defendants and their clients.

44. The "straight time for overtime" scheme violates the FLSA.

45. Ledet and the Putative Class Members are paid straight time for overtime rather than time and a half.

46. Like Ledet, the Putative Class Members are not guaranteed a salary while working for Defendants.

47. Defendants have known about the FLSA, and its overtime requirement, for many years.

48. Defendants did not investigate the legality of its classification of Ledet and the Putative Class Members as exempt from the overtime requirements of the FLSA.

49. Defendants did not investigate the pay practice which applied to Ledet and the Putative Class Members met the salary basis test.

50. Defendants were aware of the hours worked by Ledet and the Putative Class Members.

51. Defendants were aware Ledet and the Putative Class Members worked in excess of 40 hours in a workweek.

52. While working for Defendants, certain hourly employees, such as Ledet, were denied overtime.

53. Defendants recklessly disregarded its FLSA obligations.

54. Defendants' failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

55. Ledet incorporates the preceding paragraphs.

56. Defendants' illegal "straight time for overtime" policy extends beyond Ledet.

57. As implemented by Defendants, the "straight time for overtime" payment plan violates the FLSA.

58. Numerous employees were paid straight time for overtime while working for Defendants.

59. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

60. The workers impacted by Defendants' "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

61. Defendants' failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

62. Ledet's experiences are therefore typical of the experiences of the Putative Class Members.

63. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

64. Ledet has no interests contrary to, or in conflict with, the Putative Class Members.

65. Like each Putative Class Member, Ledet has an interest in obtaining the unpaid overtime wages owed under federal law.

66. The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Defendants.

67. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

68. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the FLSA.

69. Furthermore, even if some Putative Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

70. If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to Defendants, and to the Court.

71. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

72. The questions of law and fact common to each of Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Defendants required Ledet and the Putative Class Members to work more than 40 hours during individual work weeks;

    b. Whether Defendants' decision to pay Ledet and the Putative Class Members straight time for overtime was made in good faith;

    c. Whether Defendants paid Ledet and the Putative Class Members on a salary basis;

    d. Whether Defendants failed to pay Ledet and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

    e. Whether Defendants' violation of the FLSA was willful; and

    f. Whether Defendants' illegal pay practices are applied to Ledet and the Putative Class Members.

73. Ledet and the Putative Class Members sustained damages arising out of Defendants' illegal and uniform employment policy.

74. Ledet knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

75. Ledet will fairly and adequately represent and protect the interests of the Putative Class Members.

76. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### CAUSE OF ACTION – VIOLATION OF THE FLSA

77. Ledet incorporates the preceding paragraphs.

78. By failing to pay Ledet and the Putative Class Members overtime at one-and-one-half times their regular rates, Defendants violated the FLSA's overtime provisions.

79. Defendants owe Ledet and the Putative Class Members the difference between the rate paid to them and the proper overtime rate.

80. Because Defendants knew, or showed reckless disregard for whether its pay practices violated the FLSA, Defendants owe these wages for at least the past three years.

81. Defendants are liable to Ledet and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

82. Ledet and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### JURY DEMAND

83. Ledet demands a trial by jury.

### PRAYER

90. Ledet prays for relief as follows:

    a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all current and former employees who received straight time for overtime;

b. Judgment awarding Ledet and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

d. All such other and further relief to which Ledet and the Putative Class Members may show themselves to be justly entitled.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
Michael A. Josephson
Texas Bar No. 24014780
Andrew Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

AND

Joshua P. Geist
PA ID No. 85745
William F. Goodrich
PA ID No. 30235
**GOODRICH & GEIST PC**
3634 California Ave.
Pittsburgh, Pennsylvania 15212
412-766-1455 – Telephone
412-766-0300 – Facsimile
josh@goodrichandgeist.com
bill@goodrichandgeist.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**